IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE,

    Plaintiff,

vs.

CDC, et al.,

    Defendants.

No. CIV S-04-1217 DFL KJM P

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee in effect at the time of filing of this action, $150.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff asserts that his right to due process of law under the Fourteenth Amendment has been violated because defendants failed to adhere to California regulations when

processing a prisoner grievance filed by plaintiff. However, plaintiff does not state a valid claim for violation of the Fourteenth Amendment because plaintiff has no constitutional right to a prison grievance procedure. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), <u>cert. denied sub nom</u>. <u>McEnroe v. Ramirez</u>, 541 U.S. 1063 (2004). Therefore, plaintiff's Fourteenth Amendment claims should be dismissed. Plaintiff also asserts violations of state law in his complaint. Those claims should be dismissed without prejudice to refiling in state court. 28 U.S.C. § 1367(c)(3).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to plaintiff filing his state law claims in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1 gree1217.dis